## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NATASHA FRANKE,

      Plaintiff,

                                  Case No. 13-CV-13432-DT

v.

                                  HONORABLE DENISE PAGE HOOD

TIG INSURANCE COMPANY,

      Defendant.

_____/

## ORDER REGARDING MOTIONS IN LIMINE

### I.    BACKGROUND

#### A.    Procedure

This matter was removed from the Washtenaw County Circuit Court, State of Michigan, on August 9, 2013. Plaintiff Natasha Franke ("Plaintiff") seeks to recover No-Fault insurance benefits from Defendant TIG Insurance Company ("Defendant").

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence Regarding Prior Benefits Paid and Previous Settlements between the Parties in Prior Lawsuits and Defendant's Motion in Limine to Exclude Testimony of Steven Hinderer, MD on the Issue of Causation. (Doc. No. 27 and 28, respectively)  The two motions are fully briefed. (Doc. Nos. 31/36 and 32/35, respectively)  The Court, having concluded that the decision process would not be significantly aided by oral

argument, previously ordered that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). (Doc. No. 37)

**B.    Facts**

Plaintiff was diagnosed with spinal muscular atrophy ("SMA") at the age of three and patients with SMA are "not able to regain those muscular atrophies once lost." (Doc. No. 29, Pg ID 561)  Plaintiff alleges that on or about July 23, 1997, she was an occupant of a motor vehicle that was involved in a collision, wherein she sustained accidental bodily injuries "within the meaning of Defendant's policy and the statutory provision, M.C.L. § 500.3105." (Compl. ¶ 7) More specifically, Plaintiff states that on July 23, 1997, she was in a wheelchair transporting by bus when the bus driver suddenly braked and because the wheelchair she was in was not properly secured, she fell to the floor "sustaining bilateral distal femur fractures that were not surgically able to be repaired." (Doc. No. 29, Pg ID 561)  Plaintiff claims that, (a) as a result of that accident, she "suffers from chronic pain, fixation of the knee joints, and an inability to pivot transfer" and (b) the substantial period of hospitalization necessitated by the accident "caused a greater deterioration of other muscles and throughout her body." *Id.*

Plaintiff contends that, at the time of the accident, she was insured with the Defendant under the provisions of an automobile insurance policy which was then in

effect under and in accordance with the provisions of M.C.L. §500.3101, *et. seq.* (the "No-Fault Act") and should be awarded Michigan No-Fault insurance benefits including payment for medical bills and attendant care due to the injuries sustained in the motor vehicle accident. (Compl. ¶¶ 7-9) Plaintiff claims that the Defendant has "unreasonably refused to pay . . . or has unreasonably delayed in making proper payments" contrary to M.C.L. § 500.3148, and seeks declaratory judgment to determine:

> (a) The applicability of the No-Fault Act to the claims of the Plaintiff;
> (b) The amount of wage loss benefits, replacement service expenses, medical expenses, no-fault interest, actual attorney fees and other benefits owed to the Plaintiff;
> (c) whether, and in what amount, any reduction, set offs or reimbursements are entitled to be claimed by the Defendant; and
> d) Such other determinations, orders and judgments as are necessary to·fully adjudicate the rights of the parties.

(Compl. ¶¶ 11, 13)

## II.   ANALYSIS

### A.   Legal Standard

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See, e.g., United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

### B.   Evidence of Prior Benefits Paid and Previous Settlements

3

2:13-cv-13432-DPH-RSW   Doc # 39   Filed 09/29/15   Pg 4 of 9   Pg ID 1516

Defendant argues that the Court should preclude the introduction at trial of any evidence related to No-Fault benefits paid to Plaintiff and prior settlements, including: (a) any reference or discussion of the fact that benefits were paid, (b) the fact that there were prior settlements, and (c) the terms of the settlements. (Doc. No. 27, Pg ID 433) Defendant further argues that prior payment of benefits by an insurer: (1) is not proof that current claims are payable under section 500.3107 of the No-Fault Act, and (2) does not preclude an insurer from later asserting that it is not liable if the insured party files suit. *Id.* (citing *Calhoun v. Auto Club Ins. Ass'n*, 177 Mich.App. 85 (1989); *Hammermeister v. Riverside Ins. Co.*, 116 Mich.App. 552 (1982)). Finally, Defendant argues that prior settlement agreements are inadmissible by Federal Rule of Evidence 408 and that evidence of prior settlements is irrelevant and prejudicial, and therefore inadmissible under Federal Rules of Evidence 401, 402, and 403.

Plaintiff's responds that: (1) she should be allowed to produce reasonable evidence that past benefits (including settlements) were paid in order to explain why the claims she is pursuing in this matter only start on June 25, 2012 (relying on *Dunn v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266 (E.D. Mich. 2009)) (Doc. No. 31, Pg Id 1165), (2) Plaintiff should be able to introduce payments logs to show what benefits are being voluntarily paid and what is considered reasonable and customary in accordance with the No-Fault Act (*id*. at 1170), (3) she should be able to show past

4

voluntary payments and settlements because they are relevant to show how past litigations were resolved, not to prove reasonable liability in this case (relying on *Hammermeister* and *Calhoun, supra*, for the proposition that "evidence of past voluntary payments or resolutions of claims is admissible"). (Doc. No. 31, Pg Id 1174)

The Court agrees with Defendant that evidence of past litigation, including past settlements (and settlement amounts), is not admissible. First, contrary to Plaintiff's contention, neither the *Hammermeister* or *Calhoun* court held that "evidence of past voluntary payments or resolutions of claims is admissible" at trial. In fact, in both cases, the court was deciding a dispositive motion. Second, whether admitted to show liability or solely for the purpose of explaining that benefits were paid in the past, the Court finds that the introduction of past litigation and/or settlements would  would unfairly prejudice Defendant and is inadmissible pursuant to Rule 403. Third, the Court finds that evidence of settlements is barred by Rule 408, which states:

> Evidence of the following is not admissible–on behalf of any party–either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
>> (1) furnishing, promising, or offering–or accepting, promising to accept, or offering to accept–a valuable consideration in compromising or attempting to compromise a claim.

Moreover, as all prior litigation between the parties has settled, the Court also

concludes Rule 408 precludes the introduction of all such past litigation between the parties. Absent a future order of the Court, the Court holds that Plaintiff shall not offer evidence of any past litigation or settlements between Plaintiff and Defendant.

Although evidence of past litigation and settlements is to be excluded, the Court concludes that the fact that Defendant has paid Plaintiff No-Fault benefits over the last 17 years is relevant and admissible. In fact, the Court finds that it would be unfairly prejudicial to Plaintiff to exclude all evidence that Defendant has paid Plaintiff No-Fault benefits during that period. Presumably, the parties can agree on a stipulation to be read to the jury to the effect that: (1) Defendant has paid Plaintiff No-Fault benefits through June 21, 2012, (2) the fact that Defendant has paid No-Fault benefits to Plaintiff in the past does not bear on whether Defendant is or is not liable for payment of No-Fault benefits to Plaintiff from June 25, 2012 going forward, and (3) the jury is only responsible for determining whether Defendant is liable to Plaintiff for No-Fault benefits beginning June 25, 2012 through the trial in this case.

For the reasons set forth above, Defendant's motion in limine to exclude evidence of prior benefits paid and previous settlement is granted in part and denied in part.

### C.      Testimony of Dr. Hinderer on Issue of Causation

Plaintiff has named several medical professionals to serve as witnesses in this

case, including Steven Hinderer, MD.  Defendant argues that, in order for No-Fault benefits to be payable, they must be causally connected to an accidental bodily injury arising out of an automobile accident. *See, e.g.,* M.C.L. 500.3107; *Griffith v. State Farm Mut. Auto. Ins. Co.*, 472 Mich. 521 (2005).  Defendant further argues that because Dr. Hinderer "cannot establish to what extent, if any, Plaintiff's current condition is the result of the [1997] motor vehicle accident, [he must be] preclude[d] . . . from testifying in this case as to whether a causal connection exists" because his testimony "would be purely speculative." *See* Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993) (testimony of a scientific or specialized nature is permitted only when it will assist the trier of fact in understanding the evidence or to determine a material fact in issue; therefore, such testimony must be "relevant to the task at hand," based on sound science, and be "more than subjective believe or unsupported speculation"); *Skinner v. Square D Co.*, 445 Mich. 153 (1994) (plaintiff must elicit proofs that are based on reasonable inferences and not mere conjecture and speculation).

Notwithstanding Defendant's motion, it is unclear whether Plaintiff will tender Dr. Hinderer as an expert witness.  First, Plaintiff's witness list includes Dr. Hinderer under "Medical Experts/Witnesses."  Second, Plaintiff states in her response that Dr. Hinderer is "her treating physical medicine and rehabilitation doctor" and at no point

7

states that he will be offered as an expert (though she states that her "evidence has met the FRE 702 requirement" and has attached Dr. Hinderer's curriculum vitae for review). The Court also notes that Dr. Hinderer's testimony does not appear to be much different from, or inconsistent with, other physicians who will testify in this case. Finally, although Defendant seems to desire to preclude Dr. Hinderer from "quantifying [with] a degree of medical certainty the extent to which the need for attendant care is related to" the 1997 motor vehicle accident, Defendant does not appear to challenge Dr. Hinderer's testimony as it relates to causal connection between the 1997 motor vehicle accident and the deconditioning of Plaintiff's tone thereafter.

In light of the foregoing, the Court finds that, at this time, it would be premature to rule on the scope of Dr. Hinderer's possible testimony. Dr. Hinderer has not been offered as an expert witness, and it is not clear he will be offered as one. As such, there is no basis for excluding or allowing any "expert" testimony he may or may not offer. To the extent Plaintiff tenders Dr. Hinderer as an expert or seeks to introduce opinion testimony through Dr. Hinderer, Defendant will have an opportunity to voir dire Dr. Hinderer regarding his qualifications as an expert, object to his testimony, and/or cross-examine Dr. Hinderer regarding his testimony. Therefore, the Court denies without prejudice Defendant's motion in limine to exclude any testimony Dr.

Hinderer may be asked to provide regarding causation.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant TIG Insurance Company's Motion in Limine to Exclude Evidence Regarding Prior Benefits Paid and Previous Settlements between the Parties in Prior Lawsuits (Doc. No. 27) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Exclude Testimony of Steven Hinderer, MD on the Issue of Causation (Doc. No. 28) is DENIED WITHOUT PREJUDICE.

                                                    S/Denise Page Hood
                                                    Denise Page Hood
                                                    United States District Judge

Dated:  September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2015, by electronic and/or ordinary mail.

                                                    S/LaShawn R. Saulsberry
                                                    Case Manager

9